IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cr. No. 08-20406-STA |
| | ) |
| ERNESTO PRIETO MENDEZ, | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**
_____

Before the Court is Defendant Ernesto Prieto Mendez's Motion to Suppress (D.E. # 75) filed on June 12, 2009. The government has filed a response in opposition (D.E. # 78). The Court conducted a suppression hearing on September 10, 2009. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Defendant is charged with transporting individuals who were illegal aliens into the United States. On October 20, 2008, Defendant was stopped in Fayette County, Tennessee along Interstate-40 while driving a van holding fifteen (15) illegal aliens whom Defendant was transporting from Houston, Texas. According to the government, Defendant was in possession of a human manifest listing the names of the passengers, their destinations, and the amounts of money they were to pay upon arrival at their destinations. Government agents interviewed Defendant on November 19, 2008, and obtained a signed advice of rights form in both Spanish

1

and English from Defendant. The government also obtained a statement from Defendant in which he admitted that he was knowingly transporting illegal aliens. Among other things, Defendant provided in his statement the details of the arrangements including the owner of the van, the point of origin of the trip, the amount he was paid, and the name of an accomplice, Nicolas Gilberto Gonzalez.

According to Defendant's Motion to Suppress, the Court should suppress the statement obtained by the government as involuntary. Defendant did not write the statement and cannot read the English language. Defendant admits that he received and signed an advice of rights form. However, the statement attributed to him was written in English only. Therefore, Defendant argues that the Court should find that the statement was involuntary.

The government has responded in opposition to Defendant's Motion. The government asserts that a Spanish-speaking officer was present during the agents' interview with Defendant.[1] The officer translated all of the agents' questions from English into Spanish for Defendant. Likewise, the officer translated all of Defendant's responses from Spanish into English for the agents. The government contends that the interpreter read Defendant's full statement aloud to him in Spanish prior to his signing the affidavit. While it is true that the statement and oath were written in English, both were translated for Defendant into Spanish. Additionally, Defendant signed a waiver of rights form which was in Spanish. Therefore, the government argues that Defendant cannot not now claim that the statement was given involuntarily.

At the hearing on this Motion, the Court heard testimony from Defendant himself through

---

[1] The government also asserts in its response brief that during the initial traffic stop on October 20, 2008, the Fayette County Sheriffs Deputy Christie McKnight communicated with Defendant in English without difficulty. Pl.'s Resp. to Mot. Suppress 2.

an interpreter.  Defendant briefly testified that he cannot read or write the English language.  On cross-examination, Defendant admitted that he had signed an advice of rights form in Spanish.  Defendant further stated that he understood the rights covered in the form and agreed to give his statement in Spanish and gave the statement voluntarily.  Defendant testified that the interpreter was present but she did not write Defendant's answers down in Spanish.  Another agent wrote down the interpreter's English translation of Defendant's answers.  Defendant testified that the statement he gave orally was not read back to him in Spanish and that he signed the affidavit and oath prior to the statement being written in on the form.  During cross-examination, counsel for the government read through the statement signed by Defendant one sentence at a time, asking whether Defendant made each statement to the agents.  Defendant admitted that many of the statements were, in fact, made to the agents through the interpreter.  Notably, Defendant denied that he told the agents that he was knowingly transporting illegal aliens.

     The Court also heard testimony from Officer Veronica Woronoff of the Fayette County Sheriffs Department.  Woronoff testified that she was the interpreter who translated during Defendant's interview in November 2008.  The interview took place in the booking area of the Fayette County Sheriffs Department.  Woronoff testified that she is fluent in Spanish and English and is a native Spanish speaker.  Woronoff is not certified as a translator by the state of Tennessee or the federal government.  Woronoff does not remember being sworn in prior to interpreting during the interview.  According to Woronoff, the agents did not provide written questions, no notes were made, and there was no recording of the interview.  Defendant was not provided with any materials to write out his statement in Spanish.  On cross-examination, Woronoff testified that Defendant was advised of each of his rights on the advice forms in both

3

Spanish and English. Woronoff averred that she had faithfully translated the agents' questions into Spanish and Defendant's responses into English during the interview. Woronoff stated that she did read the written statement in Spanish for Defendant during the interview.

At the hearing, counsel for Defendant argued that Defendant's statement cannot be voluntary if the affiant cannot read the translation of his statement. The government responded that there is no proof that the statement was involuntary and so there can be no basis for suppression.

## ANALYSIS

The Fifth Amendment prohibits an individual from being "compelled in any criminal case to be a witness against himself."[2] In recognition of the Fifth Amendment's protection against self-incrimination, the United States Supreme Court set forth a procedure for advising an individual in police custody of his Fifth Amendment rights prior to police questioning.[3] Here the Court is satisfied that Defendant was properly advised of his *Miranda* rights prior to answering questions from the agents. Defendant was provided an advice of rights form in both Spanish, his native language, and English. Defendant signed both forms at the time of the interview. Furthermore, Defendant admitted during the suppression hearing that he understood the rights as explained in the advice of rights forms he signed. Therefore, the Court concludes that Defendant waived his rights prior to answering the agents' questions.

Even where *Miranda* warnings are properly administered, a statement amounting to a

---

[2] U.S. Const. amend. V.

[3] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

confession must be voluntary to be valid; whereas, a coerced confession must be excluded.[4] The prosecution bears the burden of proving by a preponderance of the evidence that the confession was voluntary.[5] The general test for voluntariness is whether the accused's will was overborne or was the product of rational intellect and free will.[6] The Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not voluntary."[7] In light of these principles, the Court holds that Defendant's statement was voluntary. Defendant admitted as much in his testimony during the suppression hearing. Defendant stated that he spoke with the investigators voluntarily during the interview. There was no other evidence of police coercion or impropriety before, during, or after the interview. Therefore, the Court finds no basis to suppress Defendant's statement.

The real issue in this case is the weight of the evidence contained in the written statement. Defendant has created a material issue of fact about whether the statement the agents recorded in English accurately reflects Defendant's oral responses given in Spanish during the interview. The agents failed to record the interview or memorialize in writing their questions or Defendant's responses. Defendant has testified that he did not make all of the statements included in the written statement attributed to him. Furthermore, Defendant claims that he signed the oath and affidavit prior to the statement itself being recorded on the form. While these issues raise serious

---

[4] *Colorado v. Connelly,* 479 U.S. 157, 163, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (holding that an involuntary confession violates due process).

[5] *Id.* at 168, 107 S.Ct. 515.

[6] *Townsend v. Sain,* 372 U.S. 293, 307, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled on other grounds by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992).

[7] *Connelly,* 479 U.S. at 167, 107 S.Ct. 515.

concerns about the reliability of the statement, they do not constitute grounds to suppress the statement.  Therefore, Defendant's Motion is **DENIED**.

    **IT IS SO ORDERED.**

<u>s/ S. Thomas Anderson</u>
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   September 11, 2009