IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Cr. No. 08-20406-STA |
| ) | |
| ERNESTO PRIETO MENDEZ,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

    Before the Court is Defendant Ernesto Prieto Mendez's Motion in Limine (D.E. # 90) filed on September 8, 2009.  The government filed a Notice of Intent to use evidence pursuant to Fed. R. Evid. 404(b) on August 31, 2009, and an Amended Notice on September 8, 2009. Defendant filed the instant Motion in response to the government's initial Notice.  For the reasons set forth below, the Motion in Limine is **DENIED**.

**BACKGROUND**

    According to the government's Notice, Defendant was previously arrested and convicted for transporting illegal aliens and aiding and abetting bringing in aliens into the United States. Defendant is presently charged with transporting individuals who were illegal aliens into the United States.  On October 20, 2008, Defendant was stopped in Fayette County along Interstate-40 while driving a van holding fifteen (15) illegal aliens whom Defendant was transporting from

1

Houston, Texas. According to the government, Defendant was in possession of a human manifest listing the names of the passengers, their destinations, and the amounts of money they were to pay upon arrival at their destinations. The government contends that Defendant admitted that he receives $500 per trip and that he was aware that the people he was transporting were illegal aliens.

The government argues that Defendant's prior conviction and a prior traffic stop are probative of the fact that Defendant knew he was transporting illegal aliens on this occasion. The government intends to introduce evidence that Defendant was stopped on May 13, 2004, while driving a van carrying fourteen (14) illegal aliens in New Jersey. On that prior occasion, Defendant possessed a human manifest, the destinations for each passenger, and the amounts of money payable on arrival. Defendant admitted then that he received approximately $500 per trip and that he knew the people he was transporting were illegal aliens.

In addition the government filed an Amended Notice on September 8, 2009, in which it announced its intention to introduce further Rule 404(b) evidence. According to the Amended Notice, the Iowa State Patrol stopped Defendant on August 24, 2007, while Defendant was driving a van containing eleven (11) illegal aliens. On that occasion, the van being driven by Defendant was registered to Wendy Transportation, and Defendant's co-driver was one Nicolas Gilberto Gonzalez. The government argues that the proof at trial in this case will show that when Defendant was stopped on Interstate-40, he was driving a van owned by Wendy Transportation and that Nicolas Gilberto Gonzalez was his co-driver.

The government argues that all of the following factors weigh in favor of admitting Defendant's prior conviction and prior traffic stop in the case at bar: (1) there is sufficient

evidence to prove that the act in question actually occurred; (2) the evidence is probative of a material issue other than character; and (3) the probative value of the evidence is not substantially outweighed by its potential prejudicial effect.

In his Motion in Limine, Defendant briefly argues that evidence of his prior conviction will not go to establish that he was aware that his passengers were illegal aliens. Defendant contends that he was simply an employee of Wendy Transportation who was responsible for driving passengers and at times collecting fares upon arrival. Defendant never had conversations with the passengers, and the passengers never mentioned their immigration status to Defendant. Defendant argues that his prior conviction will go to show propensity and should therefore be excluded under Rule 404(b). In the alternative, Defendant argues that the potential prejudice seriously outweighs the probative value of the evidence.

## **ANALYSIS**

Generally, character evidence is inadmissible "for the purposes of proving action in conformity therewith on a particular occasion."[1] Nevertheless, character evidence may be admissible in some criminal cases. Character evidence in the form of other acts may be relevant not to show that the person acted in conformity with a certain character trait but to prove another matter such as motive, opportunity, intent, knowledge, etc.[2] The Sixth Circuit has adopted the following three-step test to determine whether a prior bad act should be admissible: (1) whether there is sufficient evidence that the prior other act actually occurred; (2) whether the evidence of

---

[1] Fed. R. Evid. 404(a).

[2] Fed. R. Evid. 404(b).

the other act is probative of a material issue other than character; and (3) if the first two factors are met, whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.[3]

The Court holds that the evidence of Defendant's prior conviction and prior traffic stop is admissible.  First, it is undisputed that Defendant was previously convicted of transporting illegal aliens.  Second, Defendant's prior conviction is relevant to show Defendant's knowledge and absence of mistake.  Defendant is charged under 8 U.S.C. § 1324 with knowingly transporting illegal aliens into the country.  According to the government, Defendant's prior conviction will show that Defendant was found transporting illegal aliens under similar circumstances less than five years before the events charged in the indictment.  Defendant's prior conviction will be highly probative of whether Defendant knew or at least was not mistaken that he was transporting illegal aliens as charged in this case.  Likewise, Defendant's stop in Iowa will also go to Defendant's knowledge of what he was doing and absence of mistake.  Finally, the Court finds that the probative value of the prior conviction is not outweighed by any potential prejudice to Defendant.  In any criminal case, "all evidence against a defendant is prejudicial."[4]  While it is true that evidence of a prior conviction can be prejudicial, the evidence in the case at bar does not appear to involve any graphic or gruesome displays or otherwise risk inflaming the passions of the jury.  Thus, the Court has no reason to believe that any prejudice to Defendant could not be limited by appropriate instructions to the jury.[5]  Therefore, Defendant's Motion in Limine is

---

[3] *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004).

[4] *Robinson v. Runyan*, 149 F.3d 507, 514-15 (6th Cir. 1998).

[5] *United States v. Foster*, 376 F.3d 577, 592 (6th Cir. 2004).

**DENIED**.

**IT IS SO ORDERED.**

<u>s/ S. Thomas Anderson</u>
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   September 11, 2009